IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ABRAHAM FRYER, # 10609-273,

   Petitioner,

 vs.        Case No. 14-cv-78-DRH

JAMES N. CROSS,

   Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

### I.  Introduction and Background

Petitioner, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence.  The petition was filed on January 23, 2014.  Specifically, he asserts that respondent has not properly considered his eligibility for up to 12 months' placement in a halfway house/Residential Re-entry Center ("RRC") under the "Second  Chance Act," 18 U.S.C. § 3624(c).  *See also* 18 U.S.C. § 3621(b).[1]  Further, respondent did not

---

[1]   The five statutory factors to be considered in designating the place of a prisoner's confinement, including pre-release custody under § 3624(c), are:  the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.   18 U.S.C. § 3621(b).

give appropriate consideration to his request for six months of home confinement in addition to the RRC time (Doc. 1, pp. 7-9).

Petitioner pled guilty in the District of South Dakota to being a felon in possession of a firearm.  He was sentenced on October 4, 2010, to 70 months in prison (Doc. 1, p. 1).  *United States v. Fryer*, Case No. 10-cr-50003 (D.S.D., Docs. 45, 46).  According to petitioner's documentation, his projected release date is November 3, 2015 (Doc. 1, p. 16).  If he were to be given the full 12 months in a RRC, plus six months in home confinement, he claims he would be eligible to begin the pre-release placement on approximately May 3, 2014 (Doc. 1, p. 8).

Petitioner applied on April 24, 2013, for a full 12 months of RRC placement plus the six months' home detention (Doc. 1, p. 9).  The response indicated that a RRC placement of 180 days would be appropriate, but did not give any explanation of the reasons for this conclusion.  (Doc. 1, pp. 9, 10).  He appealed this decision.  On May 17, 2013, the respondent informed him that his Unit Team would consider his request at his next program review, which would take place in June 2013 (Doc. 1, p. 12).  The responses to petitioner's further appeals included the same information (Doc. 1, pp. 14, 16).

Presumably, the June 2013 program review has been completed, but petitioner includes no further information as to what amount of RRC time he may have been given as a result.  As to the home detention request, the October 22, 2013, response from the National Inmate Appeals office states that petitioner would be "eligible for home detention on May 3, 2015."  (Doc. 1, p. 16).

Petitioner argues that the April 2013 decision limiting him to a six-month RRC placement was arbitrary and treated him differently than similarly situated inmates who were given a full 12 months.  He seeks a "complete and unbiased review of his needs" under the Second Chance Act (Doc. 1, p. 8).  He asserts that he exhausted his administrative remedies before filing this action (Doc. 1, p. 7).

## II.  Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner challenges the fact or duration of confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991).  A § 2241 petition is also appropriate if a prisoner seeks release from custody because his custody violates the Constitution or federal laws. *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007).  In this case, petitioner seeks what he characterizes as a quantum change in confinement, RRC placement, as well as home confinement.  If a prisoner seeks a "quantum change

in the level of custody," such as release from prison, then a habeas petition is the appropriate vehicle; however, if release is actually unavailable, then a civil rights action is appropriate and the habeas petition must be dismissed on its merits, albeit without prejudice to the claim being brought in a civil rights action.  *See Glaus v. Anderson*, 408 F.3d 382, 387-89 (7th Cir. 2005).

The Court maintains subject matter jurisdiction, because petitioner implies that RRC placement and home confinement are quantum changes in the level of custody, and clearly hopes that the relief he seeks will lead to a longer community placement.  However, the Court cannot provide him with any relief that would lead to his actual release.  This Court does not have the authority to decide RRC placement.  The BOP is vested with discretion to determine whether a prisoner may be appropriately placed in an RRC or put on home confinement.  At best, the Court could order the BOP to reconsider its decision.  However, this does not necessarily spell speedier release, as the BOP could again decline to extend RRC placement.  As such, the relief petitioner seeks from this Court will not lead to his release or even a shorter duration of confinement.  As for petitioner's request to be placed on home confinement, the BOP has already determined that petitioner will be eligible for such placement in May 2015.

The Second Chance Act permits the BOP to consider placing inmates nearing the end of their sentences in pre-release community confinement.  *See* 18 U.S.C. § 3624(c).  This may include placement in a community correctional facility, such as an RRC, or in home detention.  18 U.S.C. § 3624(c)(1), (2); 28

C.F.R. § 570.20.   The statute provides that placement in pre-release custody is "not to exceed 12 months." 18 U.S.C. § 3624(c)(1).   Further, placement in home detention can be for only 10 percent of the inmate's term of imprisonment or for 6 months, whichever is shorter. 18 U.S.C. § 3624(c)(2), (2); 28 C.F.R. § 570.21. "The 6 months of home confinement is not additional to the 12 months of prerelease custody." *Guess v. Werlinger*, 421 F. App'x 215, 217 (3d Cir. 2011) (unpublished).   Rather, the statute plainly authorizes a maximum of twelve months pre-release custody, either to an RRC, or to a combination of RRC and home confinement.  18 U.S.C. § 3624(c).

Petitioner misunderstands the statute when he argues that he should be eligible for a total of 18 months of pre-release placement (a combined 12 months in RRC and six months' home confinement).  Further, it appears that the BOP has recognized he would be eligible for the full six months of home detention (Doc. 1, p. 16).  If he is given six months in home confinement plus six months in the RRC, he will receive the maximum available time in community confinement. Again, the BOP has discretion to determine petitioner's ultimate placement, and this Court does not have the authority to make this placement decision.  Even if the Court were to order respondent to reconsider petitioner for RRC placement, such an order would not entitle him to earlier release.

Therefore, it plainly appears from the petition that a habeas corpus action is not the appropriate vehicle for petitioner's claim.  This court is not making a decision on the ultimate merits of Fryer's claims; rather, any challenge to the

BOP's decision must be brought in a civil rights suit pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

### III.  Disposition

**IT IS THEREFORE ORDERED** that petitioner's habeas corpus action pursuant to 28 U.S.C. § 2241 is **DISMISSED**, without prejudice to his bringing his claims in a civil rights action.

The Motion for an Emergency Expedition Hearing (Doc. 3) is **DENIED AS MOOT.**

Petitioner is **ADVISED** that nothing in this order should be construed as an opinion on the ultimate merits of petitioner's claim if he should choose to re-file it in a civil rights complaint.

He is **FURTHER ADVISED** that if this claim is brought as a civil rights case, it will be subject to the provisions of the Prison Litigation Reform Act (PLRA), Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996).  *See generally* 28 U.S.C. § 1915.  Specifically, petitioner will be responsible for paying a much higher filing fee of $400.00.[2]  The obligation to pay this fee is incurred when the lawsuit is filed, and the PLRA requires a prisoner to pay the fee in full.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Finally, petitioner could be assessed a "strike" if the Court

---

[2] A litigant who is granted leave to proceed in forma pauperis (IFP) in a civil rights action must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court.  *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  If IFP status is granted, a prisoner must pay the fee in installments.

determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  It is not necessary for petitioner to obtain a certificate of appealability from the dismissal of this § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**
Signed this 23rd day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.23 10:54:07 -05'00'

**Chief Judge**
**United States District Court**